MELISSA W. KASNITZ (SBN 162679)
KEVIN KNESTRICK (SBN 229620)
DISABILITY RIGHTS ADVOCATES
449 Fifteenth Street, Suite 303
Oakland, California 94612
Telephone:   (510) 451-8644
Facsimile:   (510) 451-8511
TTY:         (510) 451-8716
Email:       general@dralegal.org

Attorneys for Plaintiffs

EUGENE B. ELLIOT
BERTRAND, FOX & ELLIOT
The Waterfront Building
2478 Hyde Street
San Francisco, CA 94109
Telephone:   (415) 353-0999
Facsimile:   (415) 353-0990

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NYSTROM on behalf of himself, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VACAVILLE and DALE PFEIFFER, Director of the Department of Public Works of the City of Vacaville, or his successor, in his Official Capacity,<br><br>Defendants. | Case No. 2:04-cv-0330-MCE-EFB<br><br>**Order Granting Final Approval to Class Action Settlement**<br><br>Date: November 13, 2006<br>Time: 9:00 a.m.<br>Judge: Morrison C. England, Jr.<br>Place: Courtroom No. 3, 15th Floor |

WHEREAS, the above-captioned action is pending before this Court and is pled as a class action; and

WHEREAS, the parties previously applied to this Court jointly for an order preliminarily approving the settlement of this action in accord with the Settlement Agreement ("Agreement"), which sets forth the terms and conditions of the proposed settlement and dismissal of the action;

WHEREAS on August 10, 2006, this Court determined that the Settlement Agreement was fundamentally fair, adequate, reasonable, and within the range of possible approval, and granted preliminary approval of the settlement;

WHEREAS on November 3, 2006, counsel for Defendant City of Vacaville attested to the distribution of Notice in accordance with the parties Settlement Agreement;

WHEREAS on November 6, 2006, counsel for Plaintiffs attested that no objections to the settlement or any written request to appear at the November 13, 2006 Fairness Hearing had been made, despite directions in the Notice to register objections or requests to be heard at the Fairness Hearing with the Court and Plaintiffs' counsel;

WHEREAS given the lack of objections to the Settlement Agreement and the fact that no class member has demanded to be heard at the time of the November 13, 2006 Fairness Hearing, the Court vacated and adjourned the Fairness Hearing;

Based on the papers filed and the proceedings had herein, and good cause appearing, IT IS HEREBY ORDERED that:

1. All terms used herein shall have the same meaning as defined in the Agreement. The settlement class is defined as it is in the order granting preliminary approval.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all settlement class members.

3. The settlement class as defined in the Agreement and adopted in the preliminary approval order is properly certified as a settlement class pursuant to the standards set forth in Rule 23 of the Federal Rules of Civil Procedure.

4.      Notice of the settlement as set forth in the Agreement has been provided in accordance with the order granting preliminary approval.  Actual notice exceeded the requirements of the preliminary approval order based on substantial distribution over the internet.  This was the best notice practicable under the circumstances.  The notice fully satisfied the requirements of due process.  No settlement class members objected to the Agreement.

6.      The Agreement is, in all respects, fair, adequate and reasonable.  This Court finds that the Agreement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations between the parties.  Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the claims covered by the Agreement.  The Court has reviewed the relief granted as part of the Agreement and recognizes the significant value to the class of the injunctive relief provided by the settlement.

7.      Final approval of the settlement is granted.  All settlement class members as of the effective date are barred and enjoined from prosecuting the released claims, as provided in Section VIII of the Agreement.  As permitted by the Agreement, settlement class members are free to pursue claims that have not been released, including claims for monetary damages that are not part of the class settlement.

8.      This Court approves the settlement amount to be paid to the individual Named Plaintiff, set forth in Section VII.A

9.      The Court directs all parties to take all necessary steps to effectuate the Agreement according to its terms.

10.     The parties have informed the Court that they have resolved Plaintiffs' claims for attorneys' fees and costs for all merits work performed in the litigation, pursuant to Section VII.B of their Agreement, and are now beginning negotiations to try to reach agreement on Plaintiffs' claim for attorneys' fees and costs for work performed during the settlement approval process, pursuant to Section VII.B of their Agreement. Should the parties reach agreement, Class Counsel will file a fee motion with the Court, as required by Rule 23(h) of the Federal Rules of Civil

Procedure for the amount agreed upon by the parties, and the City will not oppose such fee motion. If the parties cannot reach agreement within 90 days after negotiations begin, Class Counsel will file a motion for all recoverable fees and costs work during the settlement approval process, and the City maintains all rights to oppose said motion.

DATE: November 20, 2006

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE