**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY NYSTROM on behalf of himself, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br>CITY OF VACAVILLE and DALE PFEIFFER, Director of the Department of Public Works of the City of Vacaville, or his successor, in his Official Capacity,<br><br>　　　　Defendants. | Case No. 2:04-cv-00330 MCE-PAN<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED RULE 23(h) MOTION FOR COURT APPROVAL OF NEGOTIATED REASONABLE ATTORNEYS' FEES AND COSTS** |

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

On March 16, 2009, Plaintiffs filed an "Unopposed Rule 23(h) Motion for Court Approval of Negotiated Reasonable Attorneys' Fees and Costs." The City of Vacaville filed a Statement of Non-Opposition to the Motion. The Court having read and considered the papers on the motion and good cause appearing therefore, will grant the Motion as set forth below.

**A.  Findings of Fact and Conclusions of Law**

1.  This case is a class action brought by named Plaintiff Gary Nystrom on behalf of a class of persons with mobility and and/or vision disabilities who seek full and equal access to the City of Vacaville's pedestrian rights of way. In June 2006, the parties entered into a comprehensive Settlement Agreement ("Agreement") that establishes a timeline, funding mechanism, framework for implementation, and detailed procedures for prioritization of barrier removal along the pedestrian rights of way in the City.

2.  The Court granted preliminary approval of the Agreement by Order dated August 10, 2006, finding that the Agreement was "fundamentally fair, adequate, reasonable, and within the range of possible approval."

3.  The Court scheduled a Fairness Hearing for November 13, 2006.

///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

1. 4. The City of Vacaville published notice to the class in the *Vacaville Reporter* and on the City of Vacaville's website advising class members and the general public of the opportunity to register objections and/or appear at the Fairness Hearing and advising the public that the Agreement authorizes the payment of attorneys' fees and costs to Class Counsel.

5. No objections or requests to appear at the Fairness Hearing were made. On its own motion the Court vacated and adjourned the Fairness Hearing scheduled for November 13, 2006.

6. The Court granted final approval to the Settlement Agreement on November 20, 2006.

7. The Court's Order granting final approval to the Settlement Agreement noted that negotiations regarding the claim of the Plaintiff class for reasonable attorneys' fees were ongoing and that "[s]hould the parties reach agreement, Class Counsel will file a fee motion with the court, as required by Rule 23(h) of the Federal Rules of Civil Procedure for the amount agreed upon by the parties, and the City will not oppose such fee motion."

8. The parties have negotiated a fee award of $60,500 to satisfy the claim of the Plaintiff class for reasonable attorneys' fees and costs incurred in the case.

9. Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R .Civ. P. 23(h). "A claim for an award must be made by motion under Rule 54(d)(2)…." Fed. R. Civ. P. 23(h)(1).

PDF created with pdfFactory trial version www.pdffactory.com

1    10.  Notice of the motion must be served on all parties
2  and, for motions by class counsel, directed to class members in
3  a reasonable manner."  Fed. R. Civ. P. 23(h)(1).  Notice of a
4  claim for attorneys' fees is frequently combined with the Notice
5  of a proposed settlement.  *See* Fed. R. Civ. P. 23(h)(1),
6  *Advisory Committee Notes,* ("In cases in which settlement
7  approval is contemplated under 23(e), notice of class counsel's
8  fee motion should be combined with notice of the proposed
9  settlement, and the provision regarding notice to the class is
10 parallel to the requirements for notice under Rule 23(e).")
11   11.  The holding of a hearing on a party's Rule 23(h)
12 motion is discretionary but the Court "must find the facts and
13 state its legal conclusions under Rule 52(a)."  Fed. R. Civ. P.
14 23(h)(1).
15   12.  The Court hereby finds that the Plaintiff class has
16 fulfilled the notice and filing requirements of Rule 23(h).  The
17 notice distributed to the class of the proposed settlement
18 advised class members that the Agreement authorizes the payment
19 of attorneys' fees and costs from the Defendant.  The Court's
20 primary responsibility in awarding attorneys' fees is to ensure
21 that the amount and mode of payment of attorneys' fees are fair
22 and proper.  Where as here the amount has been agreed upon
23 subject to court approval, the Court must ensure that the
24 interests of the class are protected and have not been
25 sacrificed to the advantage of the defendant and the attorneys
26 for the plaintiff class.
27 ///
28 ///

PDF created with pdfFactory trial version www.pdffactory.com

13. In this case, there is no risk that the fee agreement was obtained through improper compromise of the underlying claims of absent class members. The attorneys' fee claim was not part of the settlement of any other claim and, hence the agreed-upon amount is unaffected by any compromise of the claims of the class. Accordingly, the Court concludes that payment of the agreed-upon amount of attorneys' fees is not contrary to the interests of the class.

14. The Court further finds that the Plaintiff class is the prevailing party in this case by virtue of entering into a legally binding Settlement Agreement with the Defendant. The parties' negotiated sum of $60,500 was reached through arms-length negotiations, is justified by the lodestar approach, and is reasonable in light of the substantial benefits conferred to the class.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Unopposed Rule 23(h) Motion for Court Approval of Negotiated Reasonable Attorneys' Fees and Costs is **GRANTED**.

2. The Court hereby directs the clerk of the Court to enter this Order as a final judgment.

///
///
///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

4

3.  The Court will retain continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the terms of the parties' Settlement Agreement which are incorporated into this Order.  *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375 (1994).

DATED: May 11, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com